Dominique Daniels individually and as Guardian Ad Litem for S. D., a minor
1907 N. Keene Ave.,
Los Angeles, California 90059
(424) 757-2523
ddaniels34@toromail.csudh.edu

Plaintiffs in Pro Per

**PAID**

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR I 3 2024

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DWE ___ DEPUTY

RELATED DDJ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dominique Daniels individually and as Guardian Ad Litem for S. D., a minor, <br><br> Plaintiff(s), <br><br> vs. <br><br> SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION, SERRANO INTERMEDIATE SCHOOL, Crystal Turner, Edward Wong, Suzie Swartz, Dan Walsh, Barbara Schulman, Amanda Morrell, Theresa Henle, Wendie Hauschild, Jamie Fitzhugh, Justin Stanfield, Michael Patricia Toohey Park, Alefia Mithaiwala, David Young, Teri Ramirez, Joel Rubio, Jon Hartl, and DOES 1 THROUGH 10, <br><br> Defendant(s). | Case No.: 8:24-cv-00546-CJC-(MAR) <br><br> **COMPLAINT FOR DAMAGES:** <br><br> 1. **DISCRIMINATION** – (Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; Unruh Civil Rights Act, Cal. Civ. Code § 51; Cal. Gov. Code § 11135(a); Cal. Ed. Code § 201, § 220, § 262.4) <br><br> 2. **RETALIATION** – (1st Amendmen of the U.S. Const.; Cal. Const., Article 1 Declaration of Rights § 1, 2, § 3) <br><br> 3. **DEPRIVATION OF FEDERAL AND STATE CIVIL RIGHT** – (42 U.S.C. § 1981, § 1983; 4th & 14th Amend. of the U.S. Const.; Cal. Const., Article 1 Declaration of Rights § 7; Cal. Ed. Code § 200) <br><br> 4. **CONSPIRACY TO INTERFEAR WITH CIVIL RIGHTS** – (42 U.S.C. § 1985) |

**COMPLAINT FOR DAMAGES**

5. **DEPRIVATION OF PERSONAL RIGHTS** – (Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1)

6. **DEPRIVATION OF PERSONAL RIGHTS** – (Ralph Civil Rights Act of 1976, Cal. Civ. Code § 51.7)

7. **ASSAULT & BATTERY** – (Cal. Code Civ. P. § 335.1; Rest. (2nd) Torts § 13, § 18, § 21)

8. **GENERAL & PUBLIC ENTITY NEGLECT** – (Cal. Civ. Code § 1714, § 2338; Cal. Gov. Code § 815.2(a), § 820(a); Cal. Evid. Code § 669); Rest. (2nd) Torts § 282, § 283, § 284; Cal. Ed. Code § 260)

Plaintiffs Dominique Daniels and S. D., a minor (hereafter jointly, "Plaintiffs") brings this action against Defendants SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION; SERRANO INTERMEDIATE SCHOOL; Crystal Turner; Edward Wong; Suzie Swartz; Dan Walsh; Barbara Schulman; Amanda Morrell; Theresa Henle; Wendie Hauschild; Jamie Fitzhugh; Justin Stanfield; Michael Patricia Toohey Park; Alefia Mithaiwala; David Young; Teri Ramirez; Joel Rubio; Jon Hartl; and DOES 1 THROUGH 10 (together, "**DEFENDANTS**"), and based on the information, facts, and beliefs alleges as follows:

## **JURISDICTION**

1.    This court has jurisdiction under 28 U.S.C. § 1331 and § 1343.  The same actions and omissions that form the basis of the Plaintiffs federal claims, form the basis of their California state law claims, thus, this Court has supplemental jurisdiction over the Plaintiffs state law claims under 28 U.S.C. § 1367.

**COMPLAINT FOR DAMAGES**

## VENUE

2.     Venue is proper in the Central District of California, Southern Division, because the Defendants operate their business and perform official duties in Orange County, and a substantial part of the unlawful events, acts, and omissions giving rise to the claims also occurred in Orange County. 28 U.S.C. § 1391(b).

## THE PARTIES

3.     Plaintiff **S. D.** is a person and an African American/Black, fourteen-year-old boy in the eighth grade.  At the time of the events described herein, **S. D.** was between thirteen and fourteen years old, and in the seventh grade. He appears by and through his parent (mother) and Guardian Ad Litem Dominique Daniels. Presently, **S. D**. is not a student at Serrano Intermediate School or within the school district boundary of the Saddleback Valley Unified School District, however, at all times relevant to this action before August 4, 2023, **S. D.** was a student at Serrano Intermediate School within the school district boundary of the Saddleback Valley Unified School District and a resident in the State of California.

4.     Plaintiff Dominique Daniels (hereafter referred to as "**Ms. Daniels**") is a person and an adult African American/Black female.  At all times relevant to this Complaint, **Ms. Daniels** was a resident in the State of California, and a parent and the education rights holder and decision maker for **S. D.** by default.

5.     Defendant SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT (hereafter, "**SVUSD**") is a public business establishment and public school district organized, existing, or acting under the laws of the State of California, with the capacity to sue and be sued. The **SVUSD** is located in the County of Orange.  It receives federal and state funding to educate students.

//

**COMPLAINT FOR DAMAGES**

6.    The **SVUSD** is a public educational entity for purposes of <u>Title VI of the Civil Rights Act of 1964</u> and <u>Cal. Ed. Code § 201</u> and <u>§ 220</u> and receives both state and federal assistance such that it is subject to <u>42 U.S.C. § 2000d</u> and <u>California Government Code § 11135</u>. The **SVUSD** is a business establishment for purposes of the <u>Unruh Civil Rights Act, California Civil Code § 51 et seq</u>.

7.    The **SVUSD** is, and is believed to be the hirer, owner, operator, controller, overseer, supervisor, employer, decision or policy maker, or lessor/lessee of Serrano Intermediate School and its school employees and District employees. It is responsible for circulating, enforcing, and/or monitoring compliance with district policies, regulations, and procedures at or for Serrano Intermediate School and the District; and for employees, agents, decision or policy makers, or contractors working at or for that school or school district.

8.    The **SVUSD** receives both state and federal assistance and also have the responsibility and affirmative duty to ensure that it and its Serrano Intermediate School programs and activities are safe and free from harassment, retaliation, or discrimination based on race, and any of the characteristics listed in <u>Cal. Ed. Code § 220</u>, and to combat bias against pupils within their schools and create an equitable learning environment where all pupils feel welcome, thus, Defendant **SVUSD** is subjected to and have a duty to monitor and comply with <u>Cal. Ed. Code § 200, § 201, § 202, § 220</u>; <u>42 U.S.C. § 2000d</u>; <u>California Government Code § 11135</u>; <u>Cal. Civ. Code § 51</u>.  The **SVUSD** is sued in its own right and on the basis of the acts and/or omissions of its officials, contractors, agents, servants, joint ventures, workers, representatives, and attorneys. Under law, including <u>California Government Code § 815(a), § 820</u>, the **SVUSD** is liable for the unlawful tortious acts hereafter complained of, with those violating state law and committed by any District entity/employee acting within the course and scope of their employment.

**COMPLAINT FOR DAMAGES**

**9.**    The **SVUSD** contracts with the County of Orange and/or its Sheriff's Department to provide SROs on its District and/or school grounds.

**10.**    Defendant SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT BOARD OF EDUCATION (hereafter, "**SVUSDBOE**") is a public business establishment and public-school board of education organized, existing, or acting under the laws of the State of California, with the capacity to sue and be sued.  The **SVUSDBOE** is located in the County of Orange.  It receives federal and state funding to educate students.

**11.**    The **SVUSDBOE** is comprised of elected boards of trustees who are responsible for and have a primary duty to serve as a judicial and appeals body; set policy, operate, govern, and oversee business operations, supervise, and make decisions for Defendant **SVUSD** and its public schools, superintendents, principals, administrators, supervisors, teachers, employees, contractors, and any other person or agent hired by or working or making decisions for or with Defendants **SVUSDBOE** or **SVUSD** in the performance of their public educational services to students or to parents of the students.  The **SVUSDBOE** is responsible for hiring a superintendent who served as the chief executive for the **SVUSD**, the **SVUSDBOE,** and its public schools.

**12.**    The **SVUSDBOE** also have the responsibility and affirmative duty to ensure that its and Defendant **SVUSD**'s school programs and activities are safe and free from discrimination, retaliation, or harassment based on age, race, and any of the characteristics listed in Cal. Ed. Code § 220, and to monitor compliance with any and all rules and regulations promulgated pursuant to California Government Code § 11138, thus, Defendant **SVUSDBOE** is subjected to and have a duty to comply with Cal. Ed. Code § 260.  Defendant **SVUSDBOE** have a further affirmative duty to combat bias against pupils within their schools and create an

**COMPLAINT FOR DAMAGES**

equitable learning environment where all pupils feel welcome, thus, is subjected to comply with the requirements in Cal. Ed. Code § 202.

13.    The **SVUSDBOE** is a public educational entity for purposes of Title VI of the Civil Rights Act of 1964 and Cal. Ed. Code § 200, § 201 and § 220 and receives both state and federal assistance such that it is subject to 42 U.S.C. § 2000d and California Government Code § 11135. The **SVUSDBOE** is a business institution  for purposes of the Unruh Civil Rights Act, California Civil Code § 51 et seq.

14.    The **SVUSDBOE** is, or is believed to be the owner, operator, controller, overseer, hirer, employer, or lessor/lessee of Defendants **SVUSD** and Serrano Intermediate School. It is responsible for circulating district policies, regulations, and procedures at or for Defendant SVUSD, its public schools, and employees, agents, decision makers, or contractors working at the school or school district. The **SVUSDBOE** is sued in its own right and on the basis of the acts and/or omissions of its school district, officials, agents, servants, joint ventures, contractors, employees, representatives, counsels, and attorneys. Under law, including California Government Code § 815(a) and § 820, the **SVUSDBOE** is liable for the unlawful tortious acts hereinafter complained of, including those violating state law and committed by any District entity or employee acting within the course and scope of their employment.

15.    Defendant SERRANO INTERMEDIATE SCHOOL (hereafter, "**SERRANO**") is a public business establishment and public school organized, existing, or acting under the laws of the State of California, with the capacity to sue and be sued. Defendant **SERRANO** is located in the County of Orange.  It receives federal and state funding to educate students.

//

6

**COMPLAINT FOR DAMAGES**

16.    Defendant **SERRANO** is a public educational entity for purposes of Title VI of the Civil Rights Act of 1964 and Cal. Ed. Code § 201 and § 220 and receives both state and federal assistance such that it is subject to 42 U.S.C. § 2000d and California Government Code § 11135. Defendant is **SERRANO** is a business establishment for purposes of the Unruh Civil Rights Act, California Civil Code § 51 et seq.

17.    Defendant **SERRANO** is, and is believed to be the hirer, owner, operator, controller, overseer, supervisor, employer, decision or policy maker, or lessor/lessee of Serrano Intermediate School and its principals, teachers, staff, employees, temporary or contracted employees, agents, volunteers, and students at Serrano Intermediate School. It is responsible for circulating, enforcing, and/or monitoring compliance with district policies, regulations, and procedures at or for Serrano Intermediate School and the District.

18.    Defendant **SERRANO** receives both state and federal assistance and also have the responsibility and duty to provide its students with a safe, and harassing, discriminatory, and retaliatory free learning environment that; and to ensure that it and its Serrano Intermediate School programs and activities are free from discrimination based on age, race, and any of the characteristics listed in Cal. Ed. Code § 220, and to combat bias against pupils within their schools and create an equitable learning environment where all pupils feel welcome, thus, Defendant **SERRANO** is subjected to and have a duty to monitor and comply with Cal. Ed. Code § 200, § 201, § 201 and § 220; 42 U.S.C. § 2000d; California Government Code § 11135 and Cal. Civ. Code § 51.

19.    Defendant **SERRANO** is sued in its own right and on the basis of the acts and/or omissions of its officials, agents, servants, joint ventures, contractors, employees, representatives, counsels, and attorneys. Under law, including

**COMPLAINT FOR DAMAGES**

California Government Code § 815(a) and § 820, Defendant **SERRANO** is liable for the unlawful tortious acts hereinafter complained of, including those violating state law and committed by any District entity or employee acting within the course and scope of their employment.

20.     Defendant Crystal Turner (hereafter, "**TURNER**") is a person, and served as the Superintendent and chief executive officer of the Saddleback Valley Unified School District and Defendants **SVUSD** and **SVUSDBOE** and acted under color of California State Laws during the events giving rise to this suit. As Superintendent, Defendant **TURNER** has authority, oversight, and control of Defendants **SVUSD** and **SVUSDBOE**'s schools and facilities, including the policies, regulations, practices, procedures, programs, trainings, activities, services, and employees of said schools. **TURNER** also has authority to enforce federal and state laws that protect pupils from unlawful discrimination and harassment and that require local educational agencies to create an equitable learning environment for all pupils, regardless of race, ethnicity, gender, sexual orientation, or other protected characteristics. This authority includes the power to ensure that local educational agencies comply with laws supporting pupils' right to receive accurate and inclusive education in California's schools. See Cal. Ed. Code § 202(f).

21.     Defendant **TURNER** is and is believed to be responsible for the daily operations of the Saddleback Valley Unified School District and its Board of Education, including operation and procedures of suspending and expelling of students, and she is responsible for ensuring that the District and its Board of Education and schools, and employees/staff comply with anti-discrimination laws, as well as for ensuring compliance with educational and state and federal laws.

//

//

22.    Defendant **TURNER** directed, ratified, approved, instigated, conspired in, and/or participated substantially in some of the events described herein against S. D. and/or Ms. Daniels, and/or knew of the acts of his subordinates and failed to act to prevent them as required by law. Defendant **TURNER** is sued in her individual and official capacity for prospective relief or damages.

23.    Defendant Edward Wong (hereafter, "**WONG**") is a person, and is believed to be, or served as the President or Vice President for the Saddleback Valley Unified School District Board of Education and acting under color of California State Laws during the events giving rise to this suit.

24.    Defendant **WONG** is, is believed to be, or was responsible for ensuring that the Saddleback Valley Unified School District programs and activities are free from discrimination based on age and the characteristics listed in Cal. Ed. Code § 220 and for monitoring compliance with any and all rules and regulations promulgated pursuant to Cal. Gov. Code § 11138. See Cal. Ed. Code § 260.  He is also responsible for fixing and prescribing the duties to be performed by all persons in public school service in the school district. Cal. Ed. Code § 35020.

25.    Defendant **WONG** directed, ratified, approved, instigated, conspired in, and/or participated substantially in some of the events described herein against S. D. and/or Ms. Daniels, and/or knew of the acts of his subordinates and board members and failed to act to prevent them as required by law. Defendant **WONG** is sued in his individual and official capacity for prospective relief or damages.

26.    Defendant Suzie Swartz (hereafter, "**SWARTZ**") is a person, and is believed to be, or served as the Vice President or Clerk of the Board for the Saddleback Valley Unified School District Board of Education and acting under color of California State Laws during the events giving rise to this suit.

//

**COMPLAINT FOR DAMAGES**

27. Defendant **SWARTZ** is believed to be or was responsible for ensuring that the Saddleback Valley Unified School District programs and activities are free from discrimination based on age and the characteristics listed in Cal. Ed. Code § 220 and for monitoring compliance with any and all rules and regulations promulgated pursuant to Cal. Gov. Code § 11138. See Cal. Ed. Code § 260. She is also responsible for fixing and prescribing the duties to be performed by all persons in public school service in the school district. Cal. Ed. Code § 35020.

28. Defendant **SWARTZ** directed, ratified, approved, instigated, conspired in, and/or participated substantially in some of the events described herein against S. D. and/or Ms. Daniels, and/or knew of the acts of her subordinates and board members and failed to act to prevent them as required by law. Defendant **SWARTZ** is sued in her individual and official capacity for prospective relief or damages.

29. Defendant Dan Walsh (hereafter, "**WALSH**") is a person, and is believed to be, or served as a Board Member for the Saddleback Valley Unified School District Board of Education and acting under color of California State Laws during the events giving rise to this suit.

30. Defendant **WALSH** is, is believed to be, or was responsible for ensuring that the Saddleback Valley Unified School District programs and activities are free from discrimination based on age and the characteristics listed in Cal. Ed. Code § 220 and for monitoring compliance with any and all rules and regulations promulgated pursuant to Cal. Gov. Code § 11138. See Cal. Ed. Code § 260. He is also responsible for fixing and prescribing the duties to be performed by all persons in public school service in the school district. Cal. Ed. Code § 35020.

//

//

**COMPLAINT FOR DAMAGES**

31.    Defendant **WALSH** directed, ratified, approved, instigated, conspired in, and/or participated substantially in some of the events described herein against **S. D.** and/or **Ms. Daniels**, and/or knew of the acts of his subordinates and board members and failed to act to prevent them as required by law. Defendant **WALSH** is sued in his personal and official capacity for prospective relief or damages.

32.    Defendant Barbara Schulman (hereafter, "**SCHULMAN**") is a person, and is believed to be, or served as the President or a Board Member for the Saddleback Valley Unified School District Board of Education and acting under color of California State Laws during the events giving rise to this suit.

33.    Defendant **SCHULMAN** is a person, and is believed to be, or was responsible for ensuring that the Saddleback Valley Unified School District programs and activities are free from discrimination based on age and the characteristics listed in Cal. Ed. Code § 220 and for monitoring compliance with any and all rules and regulations promulgated pursuant to Cal. Gov. Code § 11138. See Cal. Ed. Code § 260.  She is also responsible for fixing and prescribing the duties to be performed by all persons in public school service in the school district. Cal. Ed. Code § 35020.

34.    Defendant **SCHULMAN** directed, ratified, approved, instigated, conspired in, and/or participated substantially in some of the events described herein against S. D. and/or Ms. Daniels, and/or knew of the acts of her subordinates and board members and failed to act to prevent them as required by law. Defendant **SCHULMAN** is sued in her individual and official capacity for prospective relief or damages.

35.    Defendant Amanda Morrell (hereafter, "**MORRELL**") is a person, and is or is believed to have served as a Board Member or Blerk of the Board for the Saddleback Valley Unified School District Board of Education and acting under

**COMPLAINT FOR DAMAGES**

color of California State Laws during the events giving rise to this suit.

36.    Defendant **MORRELL** is, is believed to be, or was responsible for ensuring that the Saddleback Valley Unified School District programs and activities are free from discrimination based on age and the characteristics listed in <u>Cal. Ed. Code § 220</u> and for monitoring compliance with any and all rules and regulations promulgated pursuant to <u>Cal. Gov. Code § 11138</u>. See <u>Cal. Ed. Code § 260</u>.  She is also responsible for fixing and prescribing the duties to be performed by all persons in public school service in the school district. <u>Cal. Ed. Code § 35020</u>.

37.    Defendant **MORRELL** directed, ratified, approved, instigated, conspired in, and/or participated substantially in some of the events described herein against S. D. and/or Ms. Daniels, and/or knew of the acts of her subordinates and board members and failed to act to prevent them as required by law. Defendant **MORELL** is sued in her individual and official capacity for prospective relief or damages.

38.    Defendant Theresa Henle (hereafter, "**HENLE**") is a person, and is or is believed to be an employee and executive assistant for the Saddleback Valley Unified School District and was responsible for providing District assistance for the Superintendent (Defendant **TURNER**), for the District (Defendant **SVUSD**) and its Board of Education (Defendant **SVUSDBOE**), and was or is believed to be acting under color of California State Laws  during the events giving rise to this suit and during the District public board meetings.

39.    Defendant **HENLE** directed, ratified, approved, instigated, conspired in, and/or participated substantially in some of the events described herein against S. D. and/or Ms. Daniels, and/or knew of the acts of her subordinates and superiors and failed to act to prevent them as required by law. Defendant **HENLE** is sued in her individual and official capacity for prospective relief or damages.

**COMPLAINT FOR DAMAGES**

40.     Defendant Wendie Hauschild (hereafter, "**HAUSCHILD)** is a person, and is or is believed to be an employee and Director of Communications & Administrative Services for the Saddleback Valley Unified School District and was responsible for helping, controlling, monitoring, and exchanging communication and public board meeting services for the District Superintendent (Defendant **TURNER**), the District (Defendant **SVUSD**) and its Board of Education (Defendant **SVUSDBOE**), and was or is believed to be and acting under color of California State Laws during the events giving rise to this suit.

41.     Defendant **HAUSCHILD** directed, ratified, approved, instigated, conspired in, and/or participated substantially in some of the events described herein against S. D. and/or Ms. Daniels, and/or knew of the acts of her subordinates or superiors and failed to act to prevent them as required by law. Defendant **HAUSCHILD** is sued in her individual and official capacity for prospective relief or damages.

42.     Defendant Jamie Fitzhugh (hereafter, "**FITZHUGH**") is a person, and is or is believed to be an employee and secretary for the Saddleback Valley Unified School District Administrative Offices and was responsible for helping, controlling, monitoring, and exchanging communication and public board meeting services for the Director of Communications (Defendant **TURNER**), District Superintendent (Defendant **TURNER**), the District (Defendant **SVUSD**) and its Board of Education (Defendant **SVUSDBOE**), was or is believed to be and acting under color of California State Laws during the events giving rise to this suit.

43.     Defendant **FITZHUGH**. Defendant **FITZHUGH** directed, ratified, approved, instigated, conspired in, and/or participated substantially in some of the events described herein against S. D. and/or Ms. Daniels, and/or knew of the acts of his subordinates and failed to act to prevent them as required by law.  Defendant

**COMPLAINT FOR DAMAGES**

1     **FITZHUGH** is sued in her individual and official capacity for prospective relief or

2     damages.

3        **44.**     Defendant Justin Stanfield (hereafter, "**STANFIELD**") is a person,

4     and is or is believed to be an employee and Director of Student Services for the

5     Saddleback Valley Unified School District and was acting under color of

6     California State Laws during the events giving rise to this suit. He was responsible

7     for supporting the facilitation of a comprehensive model for student services, that

8     is based upon best practices, the district's philosophy, and the needs of all students,

9     and for directing the planning development, organization, management, direction,

10     and implementation of all aspects of Student Services for the District which

11     include, but are not limited to, student discipline, attendance, and social-emotional

12     well-being.

13        **45.**     Defendant **STANFIELD** directed, ratified, approved, instigated,

14     conspired in, and/or participated substantially in some of the events described

15     herein against S. D. and/or Ms. Daniels, and/or knew of the acts of his subordinates

16     and/or superiors but failed to act to prevent them as required by law. Defendant

17     **STANFIELD** is sued in his individual and official capacity for prospective relief

18     or damages.

19        **46.**     Defendant Michael Patricia Toohey Park (hereafter, "**PARK**") is, or is

20     believed to be an employee and Coordinator of Student Services for the Saddleback

21     Valley Unified School District and was acting under color of California State Laws

22     during the events giving rise to this suit. She was responsible for supporting the

23     facilitation of a comprehensive model for student services, that is based upon best

24     practices, the district's philosophy, and the needs of all students, and for directing or

25     controlling the planning development, organization, management, direction, and

26     implementation of all aspects of Student Services for the District which include, but

**COMPLAINT FOR DAMAGES**

are not limited to, student discipline, attendance, and social-emotional well-being.

47.     Defendant **PARK** directed, ratified, approved, instigated, conspired in, and/or participated substantially in some of the events described herein against S. D. and/or Ms. Daniels, and/or knew of the acts of her subordinates or superiors and failed to act to prevent them as required by law. Defendant **PARK** is sued in her individual and official capacity for prospective relief or damages.

48.     Defendant Alefia Mithaiwala (hereafter, "**MITHAIWALA**") is a person and is believed to be an attorney, counsel, employee, agent, controller, operator, adviser, contractor, spokesperson, representative, advocate, and/or decision maker and was acting under color of California State Laws during the events giving rise to this suit. She had she had the responsibility to perform public educational and administrative services for, on behalf of, and/or with the approval, permission, encouragement, or ratification by the Saddleback Valley Unified School District, and its District Board of Education, superintendent, administrators, principals, teachers, employees, schools, agents or contractors.

49.     Defendant **MITHAIWALA** directed, ratified, approved, instigated, conspired in, and/or participated substantially in some of the events described herein against S. D. and/or Ms. Daniels, and/or knew of the acts of her subordinates, employer, colleagues, or superiors and failed to act to prevent them as required by law. Defendant **MITHAIWALA** is sued in her individual and official capacity for prospective relief or damages.

50.     Defendant David Young (hereafter, "**YOUNG**") is a person and is or is believed to be a former employee of the Saddleback Valley Unified School District and former principal of Serrano Intermediate School and was acting under color of California State Laws during the events giving rise to this suit. As principal, and while under the supervision, control, or guidance of the District and its

**COMPLAINT FOR DAMAGES**

superintendent, Defendant **YOUNG** had authority and control over Serrano Intermediate School's programs and facilities, including policies, practices, procedures, programs, activities, services, training, and employees of Serrano Intermediate School. As principal, he was responsible for ensuring that Serrano Intermediate School and its assistant principals, teachers, and staff comply with educational and state and federal law.

51.    Defendant **YOUNG** directed, ratified, approved, instigated, conspired in, and/or participated substantially in some of the events described herein against S. D. and/or Ms. Daniels, and/or knew of the acts of his subordinates or superiors and failed to act to prevent them as required by law. Defendant **YOUNG** is sued in his individual and official capacity for prospective relief or damages.

52.    Defendant Teri Ramirez (hereafter, "**RAMIREZ**") is a person and is or is believed to be an employee of the Saddleback Valley Unified School District and assistant principal of Serrano Intermediate School and was acting under color of California State Laws during the events giving rise to this suit. As assistant principal, and while under the supervision, control, or guidance of the principle, District and its superintendent, Defendant **RAMIREZ** had authority and control over Serrano Intermediate School's programs and facilities, including policies, practices, procedures, programs, activities, services, training, and employees of Serrano Intermediate School. As assistant principal, she was responsible for ensuring that Serrano Intermediate School and its assistant principals, teachers, and staff comply with educational and state and federal law.

53.    Defendant **RAMIREZ** directed, ratified, approved, instigated, conspired in, and/or participated substantially in some of the events described herein against S. D. and/or Ms. Daniels, and/or knew of the acts of her subordinates or superiors and failed to act to prevent them as required by law.

16

**COMPLAINT FOR DAMAGES**

Defendant **RAMIREZ** is sued in her individual and official capacity for prospective relief or damages.

54.    Defendant Joel Rubio (hereafter, "**RUBIO**") is a person and is or is believed to be an employee of the Saddleback Valley Unified School District and former assistant principal of Serrano Intermediate School and was acting under color of California State Laws during the events giving rise to this suit. As assistant principal, and while under the supervision, control, or guidance of the principle, District and its superintendent, Defendant **RUBIO** had authority and control over Serrano Intermediate School's programs and facilities, including policies, practices, procedures, programs, activities, services, training, and employees of Serrano Intermediate School. As assistant principal, he was responsible for ensuring that Serrano Intermediate School and its assistant principals, teachers, and staff comply with educational and state and federal law.

55.    Defendant **RUBIO** directed, ratified, approved, instigated, conspired in, and/or participated substantially in some of the events described herein against S. D. and/or Ms. Daniels, and/or knew of the acts of his subordinates or superiors and failed to act to prevent them as required by law. Defendant **RUBIO** is sued in his individual and official capacity for prospective relief or damages.

56.    Defendant Jon Hartl (hereafter, "**HARTL**") is a person and is or is believed to be an employee of the Saddleback Valley Unified School District and an Art or Physical Education Teacher Serrano Intermediate School and was acting under color of California State Laws during the events giving rise to this suit. As a public-school teacher, and while under the supervision, control, or guidance of the District, principals and assistant principal, Defendant **HARTL** had authority or control over students, programs, and facilities, policies, practices, procedures, activities, and services at Serrano Intermediate School.  As a public-school teacher,

**COMPLAINT FOR DAMAGES**

he was responsible for teaching knowledge and skills in art and physical education, and for maintaining District standards including sharing in the responsibility of the school programs; fulfilling duties and duties in a timely and efficient manner; accepting supervision and direction; promoting a professional image; adhering to all federal and state regulations, Education code, District policies and District curriculum and content standards.

57.    Defendant **HARTL** directed, ratified, approved, instigated, conspired in, and/or participated substantially in some of the events described herein against S. D., and/or knew of the acts of his subordinates and failed to act to prevent them as required by law. Defendant **HARTL** is sued in his individual and official capacity for prospective relief or damages.

58.    The Plaintiffs are ignorant of the true names or capacities of those defendants named DOES 1 through 10. They therefore sue said defendants by fictitious names. The Plaintiffs are informed and believe that these Defendants may also be responsible for the acts and omissions claimed herein.

59.    The Plaintiffs are informed and believes that each of the Defendants is a person or public entity and the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venture, parent, subsidiary, affiliate, related entity, partner and/or associate, or such similar capacity of each of the other Defendants, and was at all times, acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some matter for the acts and omissions of the other Defendants in proximately or substantively causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or

**COMPLAINT FOR DAMAGES**

1  directly approved or ratified each of the acts or omissions of each of the other

2  Defendants, as herein described. The Plaintiffs will seek leave to amend when the

3  true names, capacities, connections, and responsibilities of Defendants DOES 1

4  through 10, inclusive are ascertained.

5      **60.**    Hereinafter, references to "**DEFENDANTS**" shall include Paragraphs

6  **5** through **59**, inclusive, above.

## THE PLAINTIFFS COMPLIED WITH GOVERNMENT CLAIM REQUIREMENT (with respect to damages under California State law) AND THE EXHAUSTION OF ADMINISTRATIVE REMEDIES REQUIREMENT (with respect to civil law remedies)

13      **61.**    The Plaintiffs complied with the California Government Claims Act

14  (also known as the Tort Claims Act), California Government Code § 900 et seq. On

15  August 7, 2023, the Plaintiffs filed a separate and timely administrative tort claim as

16  to all events and pursuant to California Government Code § 910 et seq., with the

17  Defendants, notifying them of claims that are now set forth herein.  On January 29,

18  2024, the minor Plaintiff **S. D.**, filed a second timely administrative tort claim as to

19  all events and pursuant to California Government Code § 910 et seq. with the

20  Defendants, notifying them of claims that are now set forth herein.  The January 29,

21  2024, administrative tort claim filed by Plaintiff **S. D.**, alleges facts, acts, omissions,

22  or events that are intertwined, closely related to, and occurred from the events, acts,

23  omissions, and allegation contained in the Plaintiffs August 7, 2023, timely

24  administrative tort claims mentioned above.

25      **62.**    On September 8, 2023, Defendant Saddleback Valley Unified School

26  District rejected the Plaintiffs' claims by way of notice in one letter.  That notice

27  and rejection letter was deposited in the mailed and sent to Plaintiff **Ms. Daniels**

**COMPLAINT FOR DAMAGES**

on September 13, 2023 (according to the date stamped on the U.S. Postage envelope), by Keenan & Associates, who is/was the claims administrator for Defendant Saddleback Valley Unified School District.

63.    On behalf of Defendant Saddleback Valley Unified School District, Keenan & Associates warned the Plaintiffs that they "have only six (6) months from the date this notice was personally delivered or **deposited in the mail** to file a court action in the State of California on this claim." and citing California Government Code § 945.6. (Emphasis added).

64.    The Plaintiffs complied with their exhaustion of administrative remedies in Cal. Ed. Code § 262.3(d) by filing an appeal to the State Department of Education on or around November 6, 2023, thus, at least 60 days have elapsed from the filing of an appeal and this lawsuit.  The Plaintiffs has thus complied with their obligations in Cal. Gov. Code § 910, et seq., and Cal. Ed. Code § 262.3(d), and their claims and Complaint is timely filed within six (6) months of the notice and rejection letter being deposited in the mail on September 13, 2023, and at least 60 days from the filing of an appeal with the State Department of Education.

## STATEMENT OF FACTS

65.    According to the California Department of Education Enrollment by Ethnicity Data Report, there was only **1.1%** of African American Students enrolled in the Saddleback Valley Unified School District during the 2022-2023 academic school year compared to the **38.4%** of White student enrolled in that District. Similarly, according to the 2023 School Accountability Report Card for Serrano Intermediate School, only **1.7%** of Black or African American Students were enrolled in that school during to 2022-2023 academic school year compared to the **37.4%** of White students enrolled in Serrano in 2022-2023.  Such differences have had a disproportionate impact or motivating cause for Black or African American

**COMPLAINT FOR DAMAGES**

Students being suspended or expelled or recommended or referred for suspension or expulsion from the Saddleback Valley Unified School District and its schools by Defendants **SVUSD**, **SVUSDBOE**, **SERRANO**, **TURNER**, and their principals, superintendents, teachers, or other administrators at a higher percentage than White students being suspended or expelled or recommended for suspension or expulsion from the District and its schools.

66. The higher rates of suspensions and expulsions or recommendations or referrals for suspending or expelling against Black or African American Students attending the Saddleback Valley Unified School District result from Defendants **SVUSD**, **SVUSDBOE**, **SERRANO**, **TURNER**, and their principals, superintendents, principals, teachers, or other administrators policies, practices, customs, and/or procedures that allow and even encourage the suspension and expulsions and recommendations and referrals for suspension and expulsions of Black/African American Students than their White students who are/were similarly situated.

67. The unequal suspensions or expulsions or recommendations or referrals for suspensions or expulsions against Black or African American Students like Plaintiff **S. D.** causes childhood trauma, challenges with emotional self-regulation – including aggression, disproportionate reactivity, impulsivity, distractibility, or withdrawal and avoidance – that disrupt the learning environment and frequently lead to poor academic outcomes, including failure to reach proficiency in core subjects and/or to graduate from high school, and other harms.

68. During the 2022-2023 academic school year and incidents or events alleged in and giving rise to this Complaint, Plaintiff **S. D.** was a person as defined in Cal. Civ. Code § 51.5(b), a "child" as defined in California Penal Code § 11165, and a 7th grade Black or African American male student and pupil with colored skin

**COMPLAINT FOR DAMAGES**

and coarse hair texture attending the Saddleback Valley Unified School Districts' Serrano Intermediate School in Lake Forest, California. **S. D.**'s race, sex, and characteristics constitute a protected class or status as defined in Cal. Penal § 422.55, Cal. Civ. Code § 51(e)(6), Cal. Gov. Code § 11135(a),(c)-(d) and § 12926(r)(2), (w), and Cal. Ed. Code § 210.7, § 212.1(a)(b), and § 49825(e). Each of the **DEFENDANTS** were/are aware of **S. D.**'s being Black or African American and of physical traits, characteristics, appearance, and protected status during the 2022-2023 academic school year and incidents or events alleged in and giving rise to this Complaint.

69.     During the 2022-2023 academic school year and incidents or events alleged in and giving rise to this Complaint, Plaintiff **Ms. Daniels** was a person as defined in Cal. Civ. Code § 51.5(b) and a Black or African American adult female and pupil with brown colored skin, and the mother or parent of Plaintiff **S. D.** who was a student attending the Saddleback Valley Unified School Districts' Serrano Intermediate School in Lake Forest, California. **Ms. Daniels**' race, sex, and characteristics constitute a protected class or status as defined in Cal. Penal § 422.55, Cal. Civ. Code § 51(e)(6), Cal. Gov. Code § 11135(a),(c)-(d) and § 12926(r)(2), (w), and Cal. Ed. Code § 210.7, § 212.1(a)(b), & §49825(e). The **DEFENDANTS** were/are aware of **Ms. Daniels**' being Black or African American and of her physical traits, characteristics, appearance, and protected status during the 2022-2023 academic school year incidents or events alleged in and giving rise to this Complaint.

70.     At all times in the year 2023 and during the incidents and events given rise to and alleged in this lawsuit, the **DEFENDANTS** were or were believed to be acting under color of California State as an Employer, Employee or Public employee, a Person, a Public entity or Business establishment, an Education

**COMPLAINT FOR DAMAGES**

Institution or Local educational agency, a School district or district, a Board or Governing board, and/or a Superintendent or Super intendent of schools, as defined in <u>Cal. Gov. Code § 17</u>, <u>§ 810.2</u>, <u>§ 811.2</u>, <u>§ 811.4</u>, <u>§ 900.4</u>, <u>§ 940.2</u>, <u>§ 12926(d)</u>, & <u>17519</u>, and <u>Cal. Ed. Code § 78</u>, <u>§ 95</u>, <u>§ 210.3</u>, <u>§ 211</u>, & <u>§ 48927 et seq.</u>

71.    As Governing Board Members or Certified or Public Employees, Defendants **TURNER, WONG, SWARTZ, WALSH, SCHULMAN, MORRELL, HENLE, HAUSCHILD, FITZHUGH, STANFIELD, PARK, MITHALWALA, YOUNG, RAMIREZ, RUBIO, & HARTL** did or is to believe to have taken an mandatory oath office or affirmation requiring them to support and uphold the institutions and policies of the United States and the State of California as set forth in <u>California Constitution, Article 20, § 3</u>, <u>California Government Code § 1360</u>, <u>California Education Code § 44334</u>, and <u>Saddleback Valley Unified School District Board Policy § 4112.3</u>, <u>§ 4312.3</u> and <u>Bylaws of the Board § 9224</u>. These duties were meant to protect the Plaintiffs from each of the injuries and losses that they alleged and will prove to have suffered in this Complaint; which were reasonably foreseeable to the Defendants.

72.    Defendants **TURNER, WONG, SWARTZ, WALSH, SCHULMAN, MORRELL, HENLE, HAUSCHILD, FITZHUGH, STANFIELD, PARK, MITHALWALA, YOUNG, RAMIREZ, RUBIO, & HARTL** knew of and had the ability to comply those mandatory obligations but intentionally and willfully refused to and did not do so.  As a proximate and substantial the Defendants breach, the Plaintiffs suffered without limitations to, unlawful race and gender discrimination; retaliation; harassment; segregation; the denial of full and equal services, privileges, and facilities; and deprivation of their state and federal educational, procedural, due process, and equal protection constitutional and civil rights alleged in this Complaint. //

**COMPLAINT FOR DAMAGES**

73.     On or around March 20, 2023, and in a violent, threatening, intimidating, and forceful manner, Defendant **HARTL** intentionally assaulted and battered Plaintiff **S. D.** while he was at school on the Serrano Intermediate School grounds.  Defendant **HARTL** used his hands, body, and show of authority and made intentional, actual, non-consensual, forceful, violent, inappropriate, harassing, unreasonable, and/or excessive physical or corporal punishment contact with Plaintiff **S. D.**, by aggressively snatching, removing, and taking **S. D.**'s chain from his body and stating "we have things to settle" before **S. D.** could get his chain and property back. Defendant **HARTL** was and is believed to be a certificated employee during the incident.  Defendant **HARTL** had the ability to cause serious violent acts and threats against **S. D.** while on school grounds, which his did. **S. D.** reasonably believed and feared that **HARTL** would cause him further assault and battery and damage to his property if he continued to challenge **HARTL**'s unlawful and violent conduct against him, and as a result, **S. D.** did and was deterred from continuing to defend himself against or challenge **HARTL** misconduct.

74.     Defendant **HARTL**'s conduct against **S. D.** was done with the intent to cause **S. D.** harmful and offensive contact, for him being Black or African American and not White or another race, and in retaliation for **S. D.** complaints and challenges to the repeated unlawful conduct, bias, false or exaggerated allegations, and mistreatment against him by school administrators or staff.  As a direct, proximate, or substantial cause of **HARTL**'s conduct, **S. D.** suffered without limitations to fear, intimidation, shock, pain, harassment, retaliation, discrimination, anxiety, embarrassment, a broken chain, a deprivation of his constitutional rights to equal protection under the law and to be protected for unreasonable and non-consensual seizure of his personal property, and corporal punishment in violation of, without limitations to California Education Code §

**COMPLAINT FOR DAMAGES**

49000, Cal. Code. Reg. § 80338 & § 80338, SVUSD Board & Administrative
Policy § 5145.3, SVUSD Board Policy § § 4119.21, § 4219.21, & Administrative
Policy 5144.

75.    On or around March 22, 2023, and April 17, 2023, the Plaintiffs
complained about and reported Defendant **HARTL**'s conduct alleged in paragraph 74
to Defendants **RAMIREZ** and **PARK**, however, they did not take any reasonable,
proper, necessary, or required actions to investigate, resolve, or handle the matter,
and did not comply with their required mandate reporting duties in California Penal
Code § 11164, § 11165.7, § 11165.9, and §11166. Defendants **RAMIREZ** and
**PARK** knew of and had the ability to comply with those duties but did not do so and
refused to report or properly handle and investigate **HARTL**'s conduct because S. D.
is Black or African American and not White or some other race like **HARTL**.
Defendants RAMIREZ and PARK were and is believed to have been certificated
employees or administrators during the incident and reporting of the incident.

76.    California Penal Code § 11164, § 11165.7, § 11165.9, §11166, and
California Education Code § 489000 and § 48987, is meant to protect minor kids like
Plaintiff S. D. from injuries, harms, or risks caused by abuse against pupils by adult
personnel on public school grounds like Serrano Intermediate School.  Due to the
special student and teacher relationship between **S. D.** and Defendant **HARTL**,
including their repeated disputes, conflicts, and negative interactions on school
grounds, the risks of injuries as alleged in the Complaint was reasonably foreseeable
to happen to **S. D.**  As a proximate or substantial case of Defendants **RAMIREZ** and
**PARK** failure to comply with their mandatory duties in discussed in this paragraph
and paragraph 75, **S. D.** suffered without limitations to harassment, discrimination,
retaliation, fear, intimidation, shock, anxiety, embarrassment, false or exaggerated
adverse reports and allegation made against him at school by staff, increased school

**COMPLAINT FOR DAMAGES**

suspensions, a deprivation of his constitutional rights to equal protection under the law and to be afforded the opportunity to a full and equal education.

77.    On or around March 31, 2023, Plaintiff **S. D.** was suspended from Serrano Intermediate School for 5 days with a recommended for expulsion for allegedly violating California Education Code § 48900.4.  Plaintiff **S. D.** was suspended and recommended for expulsion by Defendants **YOUNG**, **RAMIREZ**, and/or **RUBIO**.  Defendant **YOUNG** and **HARTL** reported that on March 31, 2023, **S. D.** allegedly took an easter egg from a White male student during an easter egg hunt at the school and stated "Nigger, I'm, goanna beat your ass"; that he allegedly called a teacher a "nigger" and another one a "Karen"; that he allegedly told a teacher to "Get out of my face Karen and quit snitching. Worry about yourself."; that he allegedly said to a student "you are just missing chromosome bitch."; and that he allegedly called a teacher a "nigga" and said, "you better get away from me."

78.    Plaintiff **S. D.** was the only African American or Black person or student involved in the alleged incidents and was treated differently from the White student and school employees because his is Black or African American and not White or another race like the other individual involved.  For instance, the White student initially took the easter egg from **S. D.** causing the alleged verbal alteration, but **S. D.** was singled out and selected for the suspension and recommended for expulsion for being Black or African American and not the White like the male student who created the incident and was similarly situated.  Also, **S. D.** was effectively denied the full and equal opportunity and his right to tell his side of the story and challenge the allegations made against him before being suspended and recommended for expulsion, however, the White male student and the White or non-Black or African American school employees allegedly involved in the incident were given the opportunity to be heard and make accusations against **S. D.**; which were taken or

**COMPLAINT FOR DAMAGES**

accepted to be true by Defendants **TURNER**, **YOUNG**, **RAMIREZ**, and **RUBIO** and resulting in the improper and unlawful suspension, extended suspension, and expulsion of **S. D.**

79.    On March 31, 2023, and in addition to the initial suspension, Defendants **RUBIO** and **TURNER** placed Plaintiff **S. D.** on a "Superintendent's Continuance of Suspension,…, pending his Expulsion Hearing and possible action of the Board of Education." acting pursuant to state law under California Education Code § 48911(g). Prior to suspending and recommended the expulsion of **S. D.** discussed in this paragraph and paragraph 77 above, Defendants **TURNER**, **YOUNG**, **RAMIREZ**, and **RUBIO** suspended and extended the suspension against **S. D.** indefinitely, and effectively denied and deprived him and Plaintiff **Ms. Daniels** of their suspension and notice procedural due process rights afforded to them under Cal. Education Code § 48900 et seq; as well as effectively depriving **S. D.** of equal access to education.

80.    For example, Defendants **TURNER**, **YOUNG**, **RAMIREZ**, and **RUBIO** intentionally and willfully acted in bad faith, with malicious intent, and with deliberate indifferent to Plaintiff's **S. D.** and **Ms. Daniels** due process and procedural education rights without limitation to **(1)** by suspending and recommending expulsion of **S. D.** from school without determining that **S. D.** committed any of the acts defined in Cal. Ed. Code § 48900, § 48900.4, or § 49815; **(2)** by suspending **S. D.** from school for more than 5 and 20 schooldays during the 2022-2023 school year in violation of Cal. Ed. Code. § 48903(a) and § 48911(a); **(3)** by suspending **S. D.** without first conducting an informal conference with **S. D.** in violation of Cal. Ed. Code § 48911(b); and **(4)** by extending and granting the suspension against **S. D.** without first holding a meeting in which **S. D.** and **Ms. Daniels** were invited to participate and challenge the extended suspension in violation of Cal. Ed. Code § 48911(g).

**COMPLAINT FOR DAMAGES**

**81.**    Defendants **YOUNG**, **RAMIREZ**, and **RUBIO** intentionally and willfully acted in bad faith, with malicious intent, and with deliberate indifferent to Plaintiff's **S. D.** equal protection and educational rights and safeguards by fabricating and/or providing or creating false information in their Expulsion Request Referral, Administrative Statement, School Suspension and Extended Suspension Notices or Documents dated March 31, 2023, in order to suspend and expel **S. D.** and to deprive him of his due process rights and full and equal access to a discriminatory, retaliatory, and harassment free public education; in which they accomplished.

**82.**    On June 6, 2023, the Plaintiffs received a copy of the Expulsion Hearing Package and written Notice of Expulsion Hearing set for June 15, 2023, from Tahni Blume, who was the Secretary to the Director of Student Services (Defendant **STANFIELD**) for the Saddleback Valley Unified School District.  The notice **(1)** was untimely and was not forwarded to the Plaintiffs at least 10 calendar days before the June 15, 2023, expulsion hearing; the notice did not provide the Plaintiffs with a copy of the disciplinary rules of the school district that relate to S. D.'s alleged violation, **(2)** did not provide the Plaintiffs with a notice of the parent, guardian, or pupil's obligation pursuant to subdivision (b) of Section 48915.1, and **(3)** did not inform the Plaintiffs of the opportunity to appear in person or to be represented by legal counsel or by a nonattorney adviser, to inspect and obtain copies of all documents to be used at the hearing, to confront and question all witnesses who testify at the hearing, to question all other evidence presented, and to present oral and documentary evidence on the pupil's behalf, including witnesses; and **(4)** the Saddleback Valley Unified School District did not conduct Plaintiff **S. D.**'s expulsion hearing by the date agreed upon between the Plaintiffs and Defendant **PARK** or within 30 school days after the March 31, 2023, incident in which the Defendants **TURNER**, **YOUNG**, **RAMIREZ**, and **RUBIO** decided

**COMPLAINT FOR DAMAGES**

that **S. D.** allegedly violate <u>Cal. Ed. § Code 48900.4</u>.

83.    Defendants **SVUSD, SVUSDBOE, TURNER, WONG, SWARTZ, WALSH, SCHULMAN, MORRELL, AND STANFIELD** knew of their mandatory duties and the Plaintiffs procedural and notice rights in paragraph 82 above, and could have with the authority to, but did not comply with or protect the Plaintiffs procedural due process rights and safeguards in violation of, but without limitations to <u>Cal. Ed. Code § 48918 et seq.</u>, <u>SVUSD Board and Administrative Policy § 5144.1</u>; <u>§5144.1</u>.  These Defendants failed to comply with their required duties to provide the Plaintiffs with fair and equitable treatment during the suspension and/or expulsion process by affording them due process rights under the law and a timely, fair, and proper notice and hearing as specified in law and the District's administrative regulation and board policy.

84.    In exercising their rights to attend, participate in, present evidence, cross examine witness, and challenge **S. D.**'s suspensions and expulsion at a formal expulsion hearing permitted under <u>Cal. Ed. Code § 48918 et seq.</u>, the Plaintiffs went to the Saddleback Valley Unified School District on June 15, 2023, for **S. D.**'s expulsion hearing.  The Plaintiffs **S. D.** and **Ms. Daniels** were effectively denied or attempted to be denied their rights to attend, participate in, present evidence, examine witness, and challenge **S. D.**'s suspensions and expulsion at the hearing as a direct, proximate, or substantial case for them being Black or African American and not White or another race; and as a proximate, or substantial case for Defendants **SVUSDBOE, SVUSD, TURNER, WONG, SWARTZ, WALSH, SCHULMAN, MORRELL, PARK, RAMIREZ,** and/or **MITHALWALA**'s intentional interference or attempted interference with the Plaintiffs rights by: **(1)** threatening not permit the Plaintiffs access and entry into the expulsion hearing room, **(2)** using of irrational hostile, intimidating, and violent justers against the Plaintiffs before the

29

**COMPLAINT FOR DAMAGES**

expulsion hearing actually started, **(3)** prematurely terminating the expulsion hearing and unfairly and unlawfully kicking the Plaintiffs out the expulsion hearing room, and for **(4)** calling the Orange County Sheriff's Department against them (without reasonable suspicion or probable cause of a crime being committed by the Plaintiffs), and knowingly and falsely reporting allegations that the Plaintiffs' were committing the crime of a trespass on the District public ground in order to or in an attempt to arrest, intimate, harass, retaliate and discriminate against, prevent, and/or deprive the Plaintiffs from asserting their rights to attend, participate in, cross examine witness, and to defend **S. D.**, in the hearing and from an unlawful suspensions and expulsion.

85.     The Defendants mentioned in paragraph 84 had the ability to arrest or get the Plaintiffs arrested or harmed, and the Plaintiffs reasonably believed that they would be arrested or harmed if they continued to be present on the District grounds and exercise their rights to attend, participate in, present evidence, examine witness, and challenge **S. D.**'s suspensions and expulsion at the hearing, thus, they were forced to leave, and did involuntarily leave the Saddleback Valley Unified School District in fear of and to avoid being arrested or harmed. The Defendants conduct and threats against the Plaintiffs were intentional, violent, and were motivated for the Plaintiffs being Black or African American.

86.     Unlike the Plaintiffs who are/were Black or African American male or female witness and requested participants, Defendants **SVUSDBOE, SVUSD, TURNER, WONG, SWARTZ, WALSH, SCHULMAN, MORRELL, PARK, RAMIREZ,** and/or **MITHALWALA** allowed predominately White or other non-Black or African American male and female witnesses or participants to personally attend, participate in, examine witness and witnesses evidence and statements, and have an attorney to represent them to expel **S. D.** from the Saddleback Valley Unified School District following the June 15, 2023, expulsion hearing, because they were/are

**COMPLAINT FOR DAMAGES**

1  not Black or African American like the Plaintiffs.

2      **87.**     As a proximate or substantial case of Defendants **SVUSD, SVUSDBOE,**

3  **TURNER, WONG, SWARTZ, WALSH, SCHULMAN, MORRELL,** and

4  **STANFIELD** breaches, acts, conduct, and omissions alleged in paragraphs 82, 83,

5  84, 85, and 86 above, the Plaintiffs' suffered foreseeable injuries and losses without

6  limitations to, embarrassment, shock intimidation, fear, sadness, denial of a fair and

7  timely expulsion hearing, loss and deprivation of self-worth and dignity, anxiety,

8  oppression, deprivation of equal protection and procedural safeguards, unlawful

9  indefinite suspension and expulsion from school and the Saddleback Valley Unified

10  School District; deprivation and denial of a full and equal public education.

11      **88.**     In further exercise of their rights under <u>Cal. Ed. Code § 48900 et seq.</u>,

12  and to challenge, complain about, and report the unlawful suspensions and

13  expulsion against **S. D.** and the Districts violation of the Plaintiffs procedural due

14  process rights, the Plaintiffs personally attended the Saddleback Valley Unified

15  School District public board meeting on or around August 3, 2023.  During that

16  meeting, Plaintiff **Ms. Daniels** complained and reported to Defendants **SVUSD,**

17  **SVUSDBOE, TURNER, WONG, SWARTZ, WALSH, SCHULMAN,** and

18  **MORRELL**, without limitations to, that **S. D.**'s suspension and expulsion

19  procedural due process rights were violated by District administrators and

20  employees at Serrano Intermediate School and the District, that **S. D.** was been

21  unfairly and unlawfully suspended and recommended for expulsion, and that **S. D.**

22  was effectively denied his full and equal right to attend and participate in the June

23  15, 2023, expulsion hearing to assert his rights and challenge the unjust suspension

24  and attempted expulsion against him.

25  //

26  //

27

28

**COMPLAINT FOR DAMAGES**

89.    After the Plaintiffs addressed Defendants **SVUSD, SVUSDBOE, TURNER, WONG, SWARTZ, WALSH, SCHULMAN,** and **MORRELL** at the August 3, 2023, public board meeting, and before their closed session deliberation on whether or not to expel **S. D.,** the Plaintiffs requested to attend the closed session deliberations because Defendants **TURNER** and **STANFIELD** and other persons did and were allowed to attend or participate in the closed session deliberations. Defendants **SVUSD, SVUSDBOE, TURNER, WONG, SWARTZ, WALSH, SCHULMAN, MORRELL, HENLE, and/or HAUSCHILD** effectively denied and deprived the Plaintiffs of their right to also be allowed to attend the close session deliberations in violation of <u>Cal. Ed. Code § 48918(c)(2)</u> and other applicable state and federal constitutional or procedural due process laws and rights.

90.    Just like Defendants **TURNER** and **STANFIELD** and the other people similarly situated by attending and participating in the public board meeting, Plaintiffs **S. D.** and **Ms. Daniels** were also attendees and participants in that meeting. However, Defendants **SVUSD, SVUSDBOE, TURNER, WONG, SWARTZ, WALSH, SCHULMAN, MORRELL, HENLE, and/or HAUSCHILD effectively** denied and deprived Plaintiffs **S. D.** and **Ms. Daniels** of the full and equal opportunity and their rights to be allowed to attend the closed deliberations as a motivating, substantial, or proximate factor for them being Black or African America and not White like Defendants **TURNER** and **STANFIELD**; and/or in retaliation for the Plaintiffs reports, challenges, and complaints to Defendants **SVUSD, SVUSDBOE, TURNER, WONG, SWARTZ, WALSH, SCHULMAN,** and **MORRELL** at the board meeting.  These Defendants were present and knew about the Plaintiffs challenges, complaints, and reports to the board.

//

//

32

**COMPLAINT FOR DAMAGES**

91.     During the same public board meeting on or around August 3, 2023,
Defendants **HAUSCHILD** and **FITZHUGH** told the Plaintiffs that they were not
allowed to sit in the seated areas in the middle and front part of the boardroom and
designated and required the Plaintiffs to sit in the back row at the public board
meeting.  The Plaintiffs were unfairly treated and unlawfully segregated from the
predominately White or non- Black or African American participants and their
predominately non-Black or African American family members or guest who were
accompanying them and allowed and designated to sit in the front and middle
seating areas at the boarding meeting at the Saddleback Valley Unified School
District.

92.     Plaintiffs **S. D.** and **Ms. Daniels** were similarly situated, capable of,
and wanted to sit in the same areas as the White participants and their guest and
family members attending the public board meeting on or around August 3, 2023 at
the Saddleback Valley Unified school District but were treated differently by
Defendants **HAUSCHILD** and **FITZHUGH** as a proximate or motivating cause for
the Plaintiffs being Black or African American and not White like the other
participants, their guess, and family members. Defendants **HAUSCHILD** and
**FITZHUGH** knew and personally observed that the Plaintiffs were Black or
African American and not White or some other race like the other participants and
their guest and family members. Defendants **HAUSCHILD** and **FITZHUGH**
conduct against the Plaintiffs were done intentionally and willfully, in an offensive
manner, and with deliberate indifference to the Plaintiffs rights to equal protection
under the law and rights to participate in public school matters and board meetings
free of discrimination and retaliation.  As a proximate or substantial  reason for
Defendants **HAUSCHILD** and **FITZHUGH** conduct, the Plaintiffs suffered
without limitations to, embarrassment, humiliations, intimidation, shame, loss of

**COMPLAINT FOR DAMAGES**

self-worth, the denial and deprivations of full and equal public and educational services, privileges, and accommodations.

93.     Prior to Plaintiff **S. D.** being suspended, placed on the extended suspension, and recommended for expulsion by Defendants **TURNER**, **YOUNG**, **RAMIREZ**, and/or **RUBIO** on March 31, 2023, on or around February 28, 2023, March 5, 2023, March 22, 2023, March 23, 2023, and on other dates, the Plaintiffs filed verbal and written reports and complaints to and about Defendants **RAMIREZ** and **HARTL** about **S. D.** being **(1)** assaulted and battered and intimidated by **HARTL** and his conduct against him on school grounds, **(2)** having his chain unlawfully removed from his body and seized by **HARTL** while on school grounds, **(3)** repeatedly harassed, bullied, picked on, and mistreated by others while in attendance at Serrano Intermediate School, **(4)** triggered as a response to the repeated harassment, bullying, and mistreatment that **S. D.** suffered while on school grounds, and about **(5)** the school not properly addressing the Plaintiffs complaint and reports about the harassment and bullying against **S. D.** at the school.

94.     Defendants **RAMIREZ**, **HARTL**, **YOUNG**, and other administrators or employees of the Saddleback Valley Unified School District knew or is believed to have reasonably known or been informed about **S. D.**'s complaints and reports discussed in paragraph 93 above. As a substantial, direct, or motivating cause for **S. D.** complaints and reports in paragraph 93 above, and to or in an attempt to interfere with and deter **S. D**. from exercising his rights to free speech and to present complaints to or against the Saddleback Valley Unified School District or its principals and teachers at Serrano Intermediate School for their mistreatment and unlawful conduct against him, **S. D.** suffered and was subjected to without limitations to, intentional **(1)** an unlawful discriminatory and retaliatory suspension on March 31, 2023, **(2)** an unlawful discriminatory and retaliatory extended and

**COMPLAINT FOR DAMAGES**

indefinite suspension on March 31, 2023, **(3)** falsification and alteration of documents and behavioral information in his student records by Defendants **RAMIREZ**, **RUBIO**, **HARTL**, **YOUNG** and other school staff, **(4)** an increase of false and exaggerate behavioral allegations made against him by his teachers and others at Serrano Intermediate School, **(5)** an increase of mistreatment, harassment, office referrals, and removals from his classroom by school staff, **(6)** bad grades, **(7)** disinterest in attending or participating in educational program and services and social peer interactions at the school, **(8)** triggers to his anxiety resulting in defensiveness, conflict, defiance at school, **(9)** irritation, intimidation, loss of self-worth, **(10)** a hostile, unsafe, and unequal learning environment, and **(11)** unreasonably denied and was blocked from access his school work, assignment, and final exams by some of his teachers or others at Serano Intermediate School.

95.    In April and May of 2023, and on the same day and prior to the conclusion of the expulsion hearing on June 15, 2023, and less than a month before addressing the Board members the Saddleback Valley Unified School District public board meeting on or around August 3, 2023, Plaintiff **S. D.** and **Ms. Daniels** made verbal and written reports, complaints, or challenges to or against **Defendants TURNER, WONG, SWARTZ, WALSH, SCHULMAN, MORRELL, PARK, RAMIREZ,** about **(1)** the Plaintiffs being discrimination and retaliated against; **(2)** **S. D.** being unlawfully and unfairly suspended from school; **(3) S. D.** being denied access to and falling behind on his school work and grades; **(4) S. D.** being assaulted and had his chain broken by **HARTL; (5) S. D.** being mistreated, threatened to have security called on him, kicked out of the class room, and required to stand outside in the rain getting wet while attending ATF, **(6)** the **S. D.** and **Ms. Daniels** complaints being ignored by Defendant **SVUSD** and their superintendents; and about **(7) S. D.** being falsely accused of not speaking the school principals about the March 31,

**COMPLAINT FOR DAMAGES**

2023 alleged incidents.

96.     Defendants **TURNER, WONG, SWARTZ, WALSH, SCHULMAN, MORRELL, PARK,** and **RAMIREZ** knew or is believed to have known about the Plaintiff's complaints, reports, and challenges alleged in paragraph 93, 94, and 95 above, and as a motivating, substantial, or proximate cause of the Plaintiffs complaints, challenges, and reports, **S. D.** was unlawfully expelled from the Saddleback Valley Unified School District on August 3, 2023, or August 4, 2023.

97.     On or around December 14, 2023, **S. D.** was unlawfully expelled from the Saddleback Valley Unified School District a second time, following and as a substantial or motivating cause of the filing of **S. D.** and Plaintiff **Ms. Daniels**' August 7, 2023, Administrative Claim for Damages and discrimination and retaliation Uniform Complaint documents; including the filing of the Plaintiffs September 1, 2023 Formal Request for an Expulsion Appeals to the Orange County Department of Education; which Defendants **TURNER, WONG, SWARTZ, WALSH, SCHULMAN, MORRELL, PARK,** and **RAMIREZ** were or should reasonably have been aware of.

98.     Defendants **TURNER, WONG, SWARTZ, WALSH, SCHULMAN,** and **MORRELL** had, and still have mandatory duty to **S. D., Ms. Daniels,** and to the law to not expel **S. D.** "solely upon hearsay evidence" and unless the expulsion is "based upon substantial evidence relevant to the charges adduced at the expulsion hearing" against **S. D.**  Defendants **TURNER, WONG, SWARTZ, WALSH, SCHULMAN,** and **MORRELL** also had, and still have mandatory duty to **S. D., Ms. Daniels,** and to the law to not expel **S. D** unless their decision to expel **S. D.** is "supported by substantial evidence showing that" **S. D.** "committed any of the acts enumerated in Section 48900." Defendants **TURNER, WONG, SWARTZ, WALSH, SCHULMAN,** and **MORRELL** knew about those mandatory duties and

**COMPLAINT FOR DAMAGES**

could have but failed to and did not comply with those requirements in violation of and without limitations to Cal. Ed. Code § 48918(f)(1)-(2) and § 48918(h)(1), and Plaintiff **S. D.**'s procedural constitutional and educational due process rights.

**99.** As a direct or proximate cause of the Defendants breach in paragraph 98, **S. D.** suffered, without limitations to, embarrassment, intimidation, fear, sadness, loss and deprivation of self-worth and dignity, anxiety, oppression, deprivation of equal protection and procedural safeguards, unlawful indefinite suspension and expulsion from school and the Saddleback Valley Unified School District; and deprivation and denial of a full and equal public education.

**100.** Defendants **TURNER, WONG, SWARTZ, WALSH, YOUNG, RUBIO, SCHULMAN, MORRELL, PARK, RAMIREZ, MITHALWALA,** and/or **STANFIELD** had and is still believed to have a mutual agreement, common objectives, and meeting of the minds to conspire to violate and deprive and prevent Plaintiffs **S. D.** and **Ms. Daniels** of and from exercising their federal, state, and educational civil and procedural due process rights alleged and discussed in the paragraphs above and throughout this Complaint, and from exercising those rights. The Defendants also had an agreement, meeting of the minds, and common objections to, and did falsify information and documents in **S. D.**'s student records to or in an attempt to effectively suspend and expel him from their school district which they accomplished.

**101.** Defendants **TURNER, WONG, SWARTZ, WALSH, YOUNG, RUBIO, SCHULMAN, MORRELL, PARK, RAMIREZ, MITHALWALA,** and/or **STANFIELD** had the ability to, and did, and attempted to intentionally cause Plaintiffs **S. D.** and **Ms. Daniels** the harms and losses alleged and discussed throughout this Complaint and in the paragraph 100 above, including an indefinite and excessive unlawful suspension and expulsion against **S. D.** as a direct,

**COMPLAINT FOR DAMAGES**

proximate, or substantial cause of their repeated and intentional conspiratorial acts.

102.    Defendants **TURNER, WONG, SWARTZ, WALSH, YOUNG, RUBIO, SCHULMAN, MORRELL, PARK, RAMIREZ, MITHALWALA,** and/or **STANFIELD** knew about their agreement and plans alleged and discussed in paragraphs 100 and 101 above, and knew about, approved, instigated, ratified, participated and conspired in, each of the **DEFENDANTS** unlawful acts, omissions, conduct, including the intentional falsification of documents and information contained and reported in **S. D.** school records in order to effectively suspend and expel him from the Saddleback Valley Unified School District and infringe on and deprive him and his parent **Ms. Daniels** of a full, fair, equal, and discriminatory, harassment, and retaliatory free public education and opportunities; and to have a school environment that is safe and supportive of learning.

103.    The **DEFENDANTS** have a policy, custom, and/or practice or a training policy, custom, and/or practice that amounts to a deliberate indifference to **S. D.** and **Ms. Daniels'** educational and procedural civil and due process rights and safeguards alleged and discussed throughout this Complaint. Plaintiffs **S. D.** and **Ms. Daniels** had equal rights to education and the educational process and procedures, but the **DEFENDANTS** effectively deprived the Plaintiffs of full and equal access to education and its process. The **DEFENDANTS** knew of and were put on notice about their unlawful harassment, discrimination, and/or retaliation against the Plaintiffs as alleged in this Complaint.

104.    The **DEFENDANTS** also have a policy, custom, and/or practice that allows their district and school administrators, superintendents, principles, teachers, employees, agents, contractors, representatives, and others to discriminate, retaliate, harass, assault and battery, and violate or deprive **S. D.** and **Ms. Daniels'** of their educational and procedural civil and due process rights and safeguards alleged and

**COMPLAINT FOR DAMAGES**

discussed throughout this Complaint. The **DEFENDANTS** policy, custom, and/or practices mentioned in this paragraph and paragraph 103 above id a moving force or proximate cause of the Plaintiffs state and federal constitutional, civil, and procedural due process rights being violated as alleged in this Complaint.

105.    The **DEFENDANTS** failed to train or properly train each other and their subordinates and allowed each other and their subordinates to intentionally violate the District Board Policies and Administrative Regulations and state, federal, and educations laws regarding unlawful discrimination and retaliation, unlawful seizures of pupil's personal property, the use of unreasonable or excessive force against pupils, suspending and expelling pupils.  As a consequence, and if the **DEFENDANTS** would have properly trained and required each other to comply with above laws, board policies, and administrative regulations, the injuries and loss that the Plaintiffs **S. D.** and **Ms. Daniels** suffered could have or would have been avoided.

106.    Each of the **DEFENDANTS** conduct, act, or omissions alleged and discussed through this Complaint and against the Plaintiffs were done in bad faith, intentionally, willfully, and knowingly, with malicious intent, and with disregard and deliberate indifferent to the Plaintiffs and their educational and procedural civil and due process rights and safeguards, and protection afforded to them under state and federal law, and the Saddleback Valley Unified School Districts' board policies and administrative regulations, and as a substantial or motivating case for Plaintiff **S. D.** and **Ms. Daniels** complaints, reports, and challenges to and against the **DEFENDANTS**; and/or for the Plaintiffs being Black or African American and not White or some other race like other similarly situated to the Plaintiffs. There is and was not any rational basis for the **DEFENDANTS** discrimination or different treatment against the Plaintiffs, and the Plaintiffs suffered severe, pervasive, and/or

**COMPLAINT FOR DAMAGES**

offensive consequences, harassment, retaliation, and/or discrimination as a substantial, motivating, or proximate cause the **DEFENDANTS** conduct against them as alleged in this Complaint..

## FIRST CAUSE OF ACTION

### DISCRIMINATION
(Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; Unruh Civil Rights Act, Cal. Civ. Code § 51; Cal. Gov. Code § 11135(a); Cal. Ed. Code § 201, § 220, § 262.4))

### (Against All **DEFENDANTS**)

**107.**   Plaintiff re-alleges and reincorporates by reference each and every allegation contained in all previous paragraphs and sections, as though fully set forth herein.

**108.**   Title VI of the Civil Rights Act of 1964 prohibits exclusion from participation in, denial of benefits of, and discrimination under federally assisted programs on ground of race, color, or national origin. 42 USCA § 2000d.

**109.**   California's Unruh Civil Rights Act prohibits business establishments from discriminating against individuals based on a person's sex, race, or color. Cal. Civ. Code § 51 et seq.

**110.**   The Unruh Act further makes any entity that "denies, aids or incites a denial, or makes any discrimination or distinction" prohibited by the Act liable for damages for "each and every offense." Cal. Civ. Code § 52.

**111.**   California Government Code § 11135 prohibits discrimination under, and the denial of full and equal access to the benefits of, state-funded programs and activities on the basis of sex, race, color, ethnicity, and age; including a perception that a person has any of those characteristics. Cal. Gov. Code § 11135(a), (d).

**112.**   California Education Code § 201 prohibits "discrimination on the basis of gender, race or ethnicity, or any other characteristic that is contained in the

40

**COMPLAINT FOR DAMAGES**

definition of hate crimes set forth in Section 422.55 of the Penal Code,...in any program or activity conducted by an educational institution that receives, or benefits from, state financial assistance or enrolls pupils who receive state student financial aid." Id.

113. <u>California Education Code § 220</u> provides: "[n]o person shall be subjected to discrimination on the basis of gender, race or ethnicity, or any other characteristic that is contained in the definition of hate crimes set forth in Section 422.55 of the Penal Code,... in any program or activity conducted by an educational institution that receives, or benefits from, state financial assistance or enrolls pupils who receive state student financial aid." Id.

114. <u>California Education Code § 262.4</u> provides: "This chapter may be enforced through a civil action." <u>California Education Code § 262.3</u> provides "Nothing in this chapter shall be construed to require an exhaustion of the administrative complaint process before civil law remedies may be pursued." and that "a person who alleges that he or she is a victim of discrimination may not seek civil remedies pursuant to this section until at least 60 days have elapsed from the filing of an appeal to the State Department of Education,…" <u>Cal. Ed. Code § 262.3(c)-(d).</u>

115. As alleged above, Plaintiffs **S. D.** and **Ms. Daniels** are Black or African American and the **DEFENDNATS** knew of their race. (SOF ¶¶ 3-4, 68-69, 92); that

116. The **DEFENDNATS** were/are a business establishment during the times of the incident or events giving rise to this lawsuit, (SOF ¶¶ 5, 10, 15, 70).

117. The Plaintiffs suffered adverse actions by the **DEFENDANTS** which was motivated by the Plaintiffs being Black or African American, (SOF ¶¶ 73-75, 78, 84-85, 90-92); that

**COMPLAINT FOR DAMAGES**

118.    The Defendants/**DEFENDANTS** responded or acted with deliberate indifference to the Plaintiffs complaints and the Defendants discriminatory, retaliatory, or harassing treatment against the Plaintiffs, (SOF ¶¶ 80-81, 91, 103-104, 106, 143); that

119.    The Plaintiffs were effectively denied and deprived of a full and equal access to and of education by the **DEFENDANTS**, (SOF ¶¶ 78-79, 88-90, 103); that

120.    The **DEFENDANTS** knew of and was put on notice about their unlawful harassment, discrimination, and/or retaliation against the Plaintiffs as alleged in this Complaint, (SOF ¶ 103); that

121.    The Plaintiffs suffered severe, pervasive, and/or offensive consequences, harassment, retaliation, and/or discrimination as a substantial, motivating, or proximate cause the **DEFENDANTS** conduct against them as alleged in this Complaint, (SOF ¶ 106); and that

122.    The **DEFENDANTS** conduct against the Plaintiffs were due to a motivating cause of the Plaintiffs being Black or African American and not White or some other race, (SOF ¶¶ 74-75, 78, 84-85, 90-92).

## SECOND CAUSE OF ACTION

### RETALIATION
(1st Amendment of the U.S. Const.; Cal. Const., Article 1 Declaration of Rights § 1, § 2, § 3)
(Against Defendants **SVUSD, SVUSDBOE, SERRANO, TURNER, WONG, SWARTZ, WALSH, SCHULMAN, MORRELL, HENLE, STANFIELD, PARK, MITHALWALA, YOUNG, RAMIREZ, RUBIO, & HARTL**)

123.    Plaintiff re-alleges and reincorporates by reference each and every allegation contained in all previous paragraphs and sections, as though fully set forth herein.

**COMPLAINT FOR DAMAGES**

124.    The <u>First Amendment of the United States Constitution</u> provides in part: "Congress shall make no law ... abridging the freedom of speech...."

125.    <u>Article 1 Declaration of Rights § 1 of the California Constitution</u> **declares** that "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." Id.

126.    <u>Article 1 Declaration of Rights § 2 of the California Constitution</u> **provides** that "Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press." <u>Article 1 Declaration of Rights § 2(a)</u>.

127.    <u>Article 1 Declaration of Rights § 3 of the California Constitution</u> **provides** that "The people have the right to instruct their representatives, petition government for redress of grievances, and assemble freely to consult for the common good." <u>Article 1 Declaration of Rights § 3(a)</u>.

128.    <u>California Education Code § 48907</u> provides in-part that: "Students of the public schools shall have the right to exercise freedom of speech, and …"

129.    As alleged above, Plaintiffs **S. D.** and **Ms. Daniels** engaged in protected activities by filing or making many verbal and written complaints, report, and challenges to and against the Defendants, (SOF ¶¶ 74-75, 88, 93-95); that

130.    The Defendants knew of the Plaintiffs complaints, reports, and challenges to and against them, (SOF ¶¶ 92, 94, 96); that

131.    As a substantial factor of the Plaintiffs complaints, reports, and challenges to and against the Defendants, the Plaintiffs suffered harms and losses such as segregation, discrimination and retaliation, excessive and repeated

43

**COMPLAINT FOR DAMAGES**

suspensions and expulsions, denial to attend closed session deliberation at the public
board meeting, falsification of information and documents in **S. D.**'s student
records, and denials of access to **S. D.**'s school work and assignments, (SOF ¶¶ 59,
74, 90, 92, 94, 96-97, 106).

## THIRD CAUSE OF ACTION

### DEPRIVATION OF FEDERAL AND STATE CIVIL RIGHT
(42 U.S.C. § 1981, § 1983; 14th Amendment of the U.S. Const.;
Cal. Const., Article 1 Declaration of Rights § 7)

### (Against All **DEFENDANTS**)

**132.**   Plaintiff re-alleges and reincorporates by reference each and every
allegation contained in all previous paragraphs and sections, as though fully set
forth herein.

**133.**   42 U.S.C. § 1981 provides that "All persons within the jurisdiction of
the United States shall have the same right in every State and Territory to sue, be
parties, give evidence, … and to the full and equal benefit of all laws and
proceedings for the security of persons and property as is enjoyed by white
citizens." 42 U.S.C. § 1981(a).

**134.**   Title 42, § 1983 of the United States Code gives a plaintiff a private
right of action against every "person" who, under color of state law, deprives the
plaintiff of constitutional rights, privileges, or immunities.

**135.**   The Equal Protection Clause of the Fourteenth Amendment explains
that "[n]o State shall … deny to any person within its jurisdiction the equal
protection of the laws." U.S. Const. amend. XIV, § 1.   A plaintiff can establish a
'class of one' equal protection claims by showing that she "has been intentionally
treated differently from others similarly situated and that there is no rational basis
for the difference in treatment."

**COMPLAINT FOR DAMAGES**

136. Discrimination that violates <u>the Equal Protection Clause of the Fourteenth Amendment</u> committed by an institution that accepts federal funds also constitutes a violation of Title VI.

137. Purposeful discrimination that violates the <u>Equal Protection Clause of the Fourteenth Amendment</u> will also violate <u>42 U.S.C. § 1981</u>.

138. <u>Article 1 Declaration of Rights § 7 of the California Constitution</u> provides that "A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws." Id. A violation of <u>Article 1 Declaration of Rights § 7</u> would also constitute a violation of the Equal Protection Clause of the 14th Amendment to the United States Constitution.

139. As alleged above, each of the **DEFENDANTS** were acting under color of California State law during the events given rise to and alleged in this lawsuit, (SOF ¶¶ 5, 10, 15, 20, 23, 26, 29, 32, 35, 38, 40, 42, 44, 46, 48, 50, 52, 54, 56); that

140. That the **DEFENDANTS** discriminated against and treated the Plaintiffs differently because they are Black or African and not like the White or other races who are/were similarly situated to the Plaintiffs, (SOF ¶¶ 73-75, 78, 84-84, 86, 89, 90-92); that

141. That the **DEFENDANTS** discrimination was intentional and there was no rational basis for the discrimination or different treatment, (SOF ¶¶ 74, 80-81, 85, 92, 106); that

142. That the **DEFENDANTS** discrimination denied and deprived the Plaintiffs of adequate procedural protections and of their notice, educational, civil, state, and federal constitutional procedural due process rights, (SOF ¶¶ 74, 76, 78-81, 84, 89, 91-92); that

//

45

**COMPLAINT FOR DAMAGES**

**143.**   That the **DEFENDANTS** have or had a policy, practice, or custom that is deliberately indifferent to and deprived the Plaintiffs of their procedural protections and of their notice, educational, civil, state, and federal constitutional procedural due process rights (SOF ¶¶ 103-104); and that

**144.**   That the **DEFENDANTS** policy, practice, or custom is a moving force or proximate cause of the violations and deprivation of the Plaintiffs state and federal rights complained of and alleged in this Complaint, (SOF ¶¶ 104).

## FOURTH CAUSE OF ACTION

### CONSPIRACY TO INTERFEAR WITH CIVIL RIGHTS
(42 U.S.C. § 1985)

### (Against Defendants TURNER, WONG, SWARTZ, WALSH, SCHULMAN, MORRELL, STANFIELD, PARK, MITHALWALA, YOUNG, RAMIREZ, & RUBIO)

**149.**   Plaintiff re-alleges and reincorporates by reference each and every allegation contained in all previous paragraphs and sections, as though fully set forth herein.

**150.**   42 U.S.C. § 1985 reads in pertinent part as follows: "If two or more persons in any State or Territory conspire or ....., for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of hiving and exercising any right or privilege of a

**COMPLAINT FOR DAMAGES**

citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation against any one or more of the conspirators.'

**151.** <u>42 U.S.C. § 1986</u> imposes liability on Persons who know of violations of <u>42 U.S.C. § 1985</u>, have the power to prevent the commission of said violations, and refuse or neglect to do so. Id.

**152.** <u>California Government Code § 815.2</u>, subdivision (a) provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would ... have given rise to a cause of action against that employee....

**153.** As alleged above, multiple Defendants had a mutual and knowingly agreement and meeting of the minds to violate and deprive Plaintiffs **S. D.** and **Ms. Daniels** of their federal, state, and educational civil and procedural due process rights alleged and discussed throughout this Complaint and prevent them from exercising those rights, (SOF ¶¶ 100-102); that

**154.** Each of the Defendants participated in the conspiracy and had a common objective to violate, deprive, and prevent Plaintiffs **S. D.** and **Ms. Daniels** of or from exercising their federal, state, and educational civil and procedural due process rights; to deny **S. D.** and **Ms. Daniels** a full, fair, equal, and discriminatory, harassment, and retaliatory free public education and opportunities and to have a school environment that is safe and supportive of learning; and to falsify documents and information in **S. D.**'s student records in order to effectively suspend and expel him from their school district, which they accomplished, (SOF ¶¶ 100-102); and that

**155.** Plaintiffs **S. D.** and **Ms. Daniels** suffered harms and losses such as the deprivation of their procedural and civil educational and due process rights and/or

**COMPLAINT FOR DAMAGES**

an indefinite, excessive, and unlawful suspension/expulsion as a direct, proximate, or substantial cause of the Defendants repeated and planned conspirative acts, (SOF ¶¶ 100-102).

## FIFTH CAUSE OF ACTION

### DEPRIVATION OF PERSONAL RIGHTS
(Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1)

(Against Defendants **SVUSD, SVUSDBOE, SERRANO, TURNER, WONG, SWARTZ, WALSH, SCHULMAN, MORRELL, STANFIELD, PARK, MITHALWALA, YOUNG, RAMIREZ, RUBIO, & HARTL**)

**156.** Plaintiff re-alleges and reincorporates by reference each and every allegation contained in all previous paragraphs and sections, as though fully set forth herein.

**157.** The California Bane Act civilly protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out "by threats, intimidation or coercion." Cal. Civ. Code § 52.1(a). The rights protected against are those "secured [either] by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of [the] State of California". Cal. Civ Code § 52.1(b).

**158.** California Civil Code 52.1(b) provides: "Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages ...." Id.

**159.** As alleged above, the Defendants did, and attempted to deny and interfere with Plaintiffs rights to attend, participate in, present evidence, examine

**COMPLAINT FOR DAMAGES**

witness, and challenge **S. D.**'s suspensions/expulsion at the hearing, (SOF ¶ 84); that

**160.**   The Defendants used intentional and threatening and intimidating conduct against the Plaintiffs such as **(1)** threatening not permit the Plaintiffs access and entry into the expulsion hearing room, **(2)** using of irrational hostile, intimidating, and violent justers against the Plaintiffs before the expulsion hearing actually started, **(3)** prematurely terminating the expulsion hearing and unfairly and unlawfully kicking the Plaintiffs out the expulsion hearing room, and for **(4)** calling the Orange County Sheriff's Department against them (without reasonable suspicion or probable cause of a crime being committed by the Plaintiffs), and knowingly and falsely reporting allegations that the Plaintiffs' were committing the crime of a trespass on the District public ground in order to or in an attempt to arrest or cause them harms and deprive them of their rights, (SOF ¶ 84); that

**161.**   The Defendants had the ability to arrest or get the Plaintiffs arrested or harmed, (SOF ¶ 85); that

**162.**   The Plaintiffs reasonably believed that they would be arrested or harmed if they continued to be present on the District grounds and exercise their rights to attend, participate in, present evidence, examine witness, and challenge **S. D.**'s suspensions and expulsion, thus, they were forced to leave, and did involuntarily leave the Saddleback Valley Unified School District in fear of and to avoid being arrested or harm, (SOF ¶ 85); that

**163.**   The Defendants used suspensions and expulsions to constructively remove and force **S. D.** from school grounds in order to interfere with and to deter **S. D.** from exercising his rights to free speech and to continue to present complaints or challenges to or against the Saddleback Valley Unified School District, its principals, and teachers at Serrano Intermediate School (SOF ¶¶ 73-74, 93-96); and that

**COMPLAINT FOR DAMAGES**

**164.**   As a proximate or substantial cause of the Defendants conduct, Plaintiffs **S. D.** or **Ms. Daniels** suffered harms and losses without limitations to an assault and battery, denial of access to schoolwork and assignments, fabrication of information and documents in **S. D.**'s school records, infinite and unlawful school suspension and two expulsions, segregation at the public board meeting, denial of a full, equal, safe, harassment, discriminatory and retaliation free public education, and interference and deprivation of their educational, civil, and procedural due process rights, intimidation, shock, anxiety, fear, and other harms, (SOF ¶¶ 72, 74, 76, 87, 90, 92, 94, 97, 99, 165).

## SIXTH CAUSE OF ACTION

### DEPRIVATION OF PERSONAL RIGHTS
(Ralph Civil Rights Act of 1976, Cal. Civ. Code § 51.7)

### (Against Defendants **SVUSD**, **SVUSDBOE**, **TURNER**, **WONG**, **SWARTZ**, **WALSH, SCHULMAN, MORRELL, MITHALWALA, & HARTL**)

**165.**   Plaintiff re-alleges and reincorporates by reference each and every allegation contained in all previous paragraphs and sections, as though fully set forth herein.

**166.**   California Civil Code § 51.7, provides in part: "All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of …., or on account of any characteristic listed or defined in subdivision (b) or (e) of [Civil Code s]ection 51, …., or because another person perceives them to have one or more of those characteristics."

**167.**   For purposes of this subdivision, "intimidation by threat of violence" includes, but is not limited to, making or threatening to make a claim or report to a

**COMPLAINT FOR DAMAGES**

peace officer or law enforcement agency that falsely alleges that another person has engaged in unlawful activity or in an activity that requires law enforcement intervention, knowing that the claim or report is false, or with reckless disregard for the truth or falsity of the claim or report.

168.   As alleged above, the Defendants attempted to and actually did commit violent threats and conduct against the Plaintiffs by assaulting and battering **S. D.** and removing and damaging his chain form his body, by threatening and intimidating the Plaintiffs at the June 15, 2023 explosion hearing, and by making a known and false police report of trespassing against the Plaintiffs in order to arrest them, remove them from the District public grounds, and prevent them from exercising their rights to attend and participate in the expulsion hearing for **S. D.**, (SOF ¶¶ 84-84, 74); that

169.   the Defendants committed and threatened to commit the violet acts against the Plaintiffs for them being Black or African American and not White or some other race, (SOF ¶¶ 84-85, 74); that

170.   The Defendants had the ability to carry out the arrest against the Plaintiffs, and that the Plaintiffs reasonably believed and feared that they would be arrested causing them to voluntarily leave the District grounds, (SOF ¶ 85); and that

171.   The Plaintiffs suffered injuries and losses such as embarrassment, intimidation, shock, sadness, anxiety, oppressions, and a deprivation of their procedural due process rights as a proximate or substantial cause of the Defendants violent acts and conduct against them, (SOF ¶¶ 74, 87).

//
//
//
//

51

**COMPLAINT FOR DAMAGES**

## SEVENTH CAUSE OF ACTION

### ASSAULT & BATTERY
(Cal. Code Civ. P. § 335.1; Rest. (2nd) Torts § 13, § 18, § 21)

### (Against Defendants **HARTL & SVUSD**)

**172.**   Plaintiff re-alleges and reincorporates by reference each and every allegation contained in all previous paragraphs and sections, as though fully set forth herein.

**173.**   Cal. Code Civ. P. § 335.1 provides in relevant part that there is a "Two years; actions for assault, battery, or injury to, individual caused by wrongful act or neglect." Id.

**174.**   Restatement Second of Torts, § 13 provides: "An actor is subject to liability to another for battery if he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and a harmful contact with the person of the other directly or indirectly results." Id. at § 13(a)-(b).

**175.**   Restatement Second of Torts, § 18 provides: "An actor is subject to liability to another for battery if he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and an offensive contact with the person of the other directly or indirectly results." Id. at § 18(1)(a)-(b).

**176.**   Restatement Second of Torts, § 21 provides: "An actor is subject to liability to another for assault if he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and the other is thereby put in such imminent apprehension." Id. at § 21(1)(a)-(b).

//

**COMPLAINT FOR DAMAGES**

**177.** **S. D.**, and a former child attending the **DEFENDANTS'** public schools, had a "right to bodily integrity," and a right to be free from corporal punishment.

**178.** As alleged above, **S. D.** was actually physically assaulted and battered by Defendant **HARTL** and had his chain removed and taken from his body without consent, (SOF ¶ 73);

**179.** Defendant **HARTL** intended to cause offensive and harmful contact against **S. D.**, (SOF ¶¶ 73-74); and that

**180.** **S. D.** suffered actual harm such as intimidation, fear, pain, a broken chain, and anxiety, (SOF ¶ 74).

## EIGHTH CAUSE OF ACTION

### GENERAL & PUBLIC ENTITY NEGLECT
(Cal. Civ. Code § 1714, § 2338; Cal. Gov. Code § 815.2(a), § 820(a);
Cal. Evid. Code § 669; Rest. (2nd) Torts § 282, § 283, § 284;
Cal. Ed. Code § 260; § 262.4))

### (Against Defendants SVUSD, SVUSDBOE, SERRANO, TURNER, WONG, SWARTZ, WALSH, SCHULMAN, MORRELL, STANFIELD, PARK, YOUNG, RAMIREZ, RUBIO, & HARTL)

**181.** Plaintiff re-alleges and reincorporates by reference each and every allegation contained in all previous paragraphs and sections, as though fully set forth herein.

**182.** California Civil Code § 1714(a) provides, "Everyone is responsible ... for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person [.]" Section 1714(a) establishes a "general duty of each person to exercise, in his or her activities, reasonable care for the safety of others. Id.

53

**COMPLAINT FOR DAMAGES**

**183.**   California Civil Code § 2338 provides that: "a principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts committed by such agent in and as a part of the transaction of such business, and for his willful omission to fulfill the obligations of the principal." Id.

**184.**   California Civil Code § 815.2 provides: "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Civ. Code § 815.2(a).

**185.**   California Government Code § 820(a) provides: "a public employee is liable for injury caused by his act or omission to the same extent as a private person." Cal. Gov. Code § 820(a).

**186.**   California Evidence Code § 669 provides in relevant part: "The failure of a person to exercise due care is presumed if: He violated a statute, ordinance, or regulation of a public entity; The violation proximately caused …or injury to person or property; The injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent; and The person suffering the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted." Cal. Evid. Code § 669(a)(1)-(4).

**187.**   California Education Code § 260 provides in relevant part: "The governing board of a school district shall have the primary responsibility for ensuring that school district programs and activities are free from discrimination based on the characteristics listed in Section 220 and for monitoring compliance

**COMPLAINT FOR DAMAGES**

with any and all rules and regulations promulgated pursuant to Section 11138 of the Government Code." Id.

**188.** <u>California Education Code § 262.4</u> provides: "This chapter may be enforced through a civil action." for violations of the education code.

**189.** <u>Restatement Second of Torts, § 282</u> defines negligence as: "conduct which falls below the standard established by law for the protection of others against unreasonable risk of harm."

**190.** <u>Restatement Second of Torts, § 283</u> provides: "Unless the actor is a child, the standard of conduct to which he must conform to avoid being negligent is that of a reasonable man under like circumstances."

**191.** <u>Restatement Second of Torts, § 284</u> provides: Negligence can be found in the doing of an act, as well as in the failure to do an act. Negligent conduct may be either: an act which the actor as a reasonable man should recognize as involving an unreasonable risk of causing an invasion of an interest of another, or a failure to do an act which is necessary for the protection or assistance of another and which the actor is under a duty to do. Id. at <u>§ 284</u>(a)-(b).

**192.** As alleged above, the Defendants had and still have a mandatory duty to uphold and support the policies and laws of the United States and State of California, (SOF ¶¶ 71, 98); that

**193.** The United States and California laws were meant to protect the plaintiffs from the injuries and losses alleged by them in this Complaint, (SOF ¶ 71); that

**194.** The harms the Plaintiffs suffered in this Complaint was reasonably foreseeable to the Defendants, (SOF ¶ 71); that

**195.** The Defendants knew of and had the ability to comply with their

**COMPLAINT FOR DAMAGES**

1  mandatary duties but failed to and did not do so, (SOF ¶¶ 72, 82-83, 98); that

2  **196.**  The Plaintiffs suffered injuries and losses as a proximate cause of the

3  Defendants breach of their mandatory duties, (SOF ¶¶ 72, 76, 99); that

4  **197.**  Defendants **PARK** and **RAMIREZ** had a mandatory duty to comply

5  with the child abuse mandate reporter obligations under the Cal. Penal Code §

6  11164, § 11165.7, § 11165.9, and §11166, and that those Penal Codes, including

7  California Education Code § 489000 and § 48987 are meant to protect minor kids

8  like Plaintiff **S. D.** from injuries, harms, or risks caused by abuse against pupils by

9  adult personnel on public school grounds, (SOF ¶¶ 75-76); that

10

11  **198.**  Defendants **PARK** and **RAMIREZ** knew of and had the ability to

12  comply with their mandate reporting duties to report and investigate Defendant

13  **HARTL**'s assault and battery against Plaintiff **S. D.**, but failed to and did not do so

14  (SOF ¶ 75); and that

15  **199.**  As a proximate cause of Defendants **PARK** and **RAMIREZ** breach

16  of heir mandatory duty, Plaintiff **S. D**. suffered injuries and harms, (SOF ¶ 76); and

17  **200.**  The **DEFENDANTS** have a policy, custom, and/or practice or a

18  training policy, custom, and/or practice that amounts to a deliberate indifference to

19  **S. D.** and **Ms. Daniels**' educational and procedural civil and due process rights and

20  safeguards alleged and discussed throughout this Complaint, (SOF ¶ 103); that

21  **201.**  The **DEFENDANTS** also have a policy, custom, and/or practice that

22  allows their district and school administrators, superintendents, principles, teachers,

23  employees, agents, contractors, representatives, and others to discriminate, retaliate,

24  harass, assault and battery, and violate or deprive **S. D.** and **Ms. Daniels**' of their

25  educational and procedural civil and due process rights and safeguards alleged and

26  discussed throughout this Complaint, (SOF ¶ 104); and that

27  //

28

**COMPLAINT FOR DAMAGES**

**202.** The **DEFENDANTS** failed to train or properly train each other and their subordinates and allowed each other and their subordinates to intentionally violate the District Board Policies and Administrative Regulations and state, federal, and educations laws regarding unlawful discrimination and retaliation, unlawful seizures of pupil's personal property, the use of unreasonable or excessive force against pupils, suspending and expelling pupils. As a consequence, and if the **DEFENDANTS** would have properly trained and required each other to comply with above laws, board policies, and administrative regulations, the injuries and loss that the Plaintiffs **S. D.** and **Ms. Daniels** suffered could have or would have been avoided (SOF ¶ 105).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Dominique Daniels and **S. D.**, a minor prays for judgement against Defendants as follows:

(1)     For past, present, and future general damages in the amount of $2,500,000.00 or in other amounts to be determined at trial;

(2)     For past, present, and future special damages, including but not limited to economic and others in an amount to be determined at trial;

(3)     For any appropriate statutory damages;

(4)     For civil penalties as allowed by Federal and California State law;

(5)     For any appropriate punitive or exemplary damages as to Defendants Crystal Turner; Edward Wong; Suzie Swartz; Dan Walsh; Barbara Schulman; Amanda Morrell; Theresa Henle; Wendie Hauschild; Jamie Fitzhugh; Justin Stanfield; Michael Patricia Toohey Park; Alefia Mithaiwala; David Young; Teri Ramirez; Joel Rubio; Jon Hartl; and DOES 1 THROUGH 10;

(6)     For interest at 10% per annum as allowed by Cal. Civ. Code § 3291 and any other applicable California State or Federal law;

**COMPLAINT FOR DAMAGES**

(7)    For cost of suit incurred;

(8)    For reasonably attorney fees (if applicable), as allowed by Federal or California State law;

(9)    For an order declaring that Defendants are violating and depriving the rights of Plaintiff S. D. under the U.S. Constitution, Title VI of the Civil Rights Act of 1964; the First and Fourteenth Amendments of the U.S. Constitution; Article 1 Declaration of Rights of the California Constitution; California Government Code § 11135; the Unruh Civil Rights Act; the Tom Bane Civil Rights Act; the Ralph Civil Rights Act; California Education Code 48900 Et Seq., and § 66252; and state common law torts.

(10)    For such other and further relief as the Court may deem proper and just.

## DEMAND FOR JURY TRIAL

Plaintiffs Dominique Daniels and **S. D.**, a minor demand a trial by jury on all causes of actions so triable.

Dated: March 13, 2024,                Respectfully submitted,


By: _____
Dominique Daniels, individually and
as Guardian Ad Litem for S. D., a minor

**COMPLAINT FOR DAMAGES**

## **VERIFICATION**

I, Pro Se Plaintiff Dominique Daniels, am the mother of S. D., a minor in the above-entitled action.  I have read the foregoing petition and know the contents thereof. Said petition is true of my own knowledge, except as to those matters which are presented on an information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on March 13, 2024, at Santa Ana, California.

_____

Dominique Daniels

59

**COMPLAINT FOR DAMAGES**